All right, you ready to proceed, counsel? Yes, Your Honor. All right, then I have a couple of questions. Did I pronounce Daewoo correctly? Correct, Your Honor. Now, this is Krupp? Was I close? What's the pronunciation on that one? Daewoo, yes, that's absolutely perfect. Oh, all right. You may proceed. May it please the court. My name is Chunyum of Clayton Co. You have to talk up. I apologize in advance. I recently had a neck surgery. I'll try to speak up. Can you hear me well? Yes. OK, all right, perfect. I represent Daewoo International Corporation. We are here because Daewoo made an advance payment of $15 million for Pig Iron, most of which, it turned out, never existed. Some of it made it into the Port of New Orleans. Daewoo attached it. Daewoo was the first to attach. There is no dispute about that. The only question is whether Daewoo's attachment was valid. District Court below held that Daewoo's attachment was invalid because Daewoo was a party to arbitration as opposed to litigation, meaning Daewoo had an agreement to arbitrate on the contract. And because Daewoo didn't resort to litigation, Daewoo could not have the benefit of a pre-judgment attachment under Louisiana law. That is incorrect, we believe, for two reasons. First, Louisiana state never, ever took such a stance. In fact, Louisiana Supreme Court has said, we favor arbitration over litigation. We espouse federal substantive law that requires that arbitration be placed on an equal footing with non-arbitrary situations. Second, Louisiana Court of Appeal said, although the attachment itself was not an issue, where the arbitral word is to be rendered unenforceable, court intervention is necessary. And as such, the court said preliminary injunctive relief in aid of arbitration should be granted. Which case was that? That's the limousine case, Your Honor. The court ended up saying, well, the irreparable harm requirement was not met, so it did not grant the injunctive relief. But the premise was that the court intervention was necessary. And in Louisiana, preliminary injunctive relief was to be granted in aid of arbitration. In aid of arbitration. OK. No, go ahead. Two district courts in Louisiana followed that principle and stated that preliminary injunctive relief in aid of arbitration was to be granted, and noted that attachment relief was also to be granted in aid of arbitration. So it was a dicta, but they did recognize Louisiana law that provides that pre-judgment attachment is available in aid of arbitration. The statute does not exclude arbitration or discriminate against arbitration over litigation. Now, well, a series of questions that are predictable from the dispute. If the requirement is that there be an action seeking a money judgment, had there been a motion to confirm an arbitral award, that would clearly be seeking money judgment? If you'd already obtained an arbitration, it was just a matter of converting it into a money judgment, then attachment would be fairly obvious to assert. But at the time of your effort to attach, there hadn't even been arbitration, right? You were seeking in that motion to compel arbitration. Correct, Your Honor. Let me answer the question in different aspects. First, the action for money judgment for purpose of attachment suit is Daewoo's arbitration for monetary award. Daewoo's effort to compel arbitration, no? No, Your Honor. OK. The action for money judgment requirement is there to make sure that the requested attachment is trying to secure the satisfaction of a money judgment. True. Daewoo was not seeking to secure the satisfaction of the court ruling on its motion to compel, nor was it trying to seek the satisfaction of the court ruling on its attachment application. The only action for money judgment that matters for this purpose is Daewoo's arbitration for money judgment. And Daewoo made clear, as required under 3501 in the verified petition and affidavit, that Daewoo is seeking this attachment to secure the $15 monetary award in the upcoming To state it another way, if there had been litigation, the litigation would have been for the purpose of obtaining ultimately a money judgment, right? If there was litigation. And the purpose of the arbitration was not just to arbitrate. The purpose of the arbitration was ultimately to obtain a monetary award, right? And so whether you call it litigation or arbitration, the purposes were the same, to obtain a monetary award. Is that what you're saying? Yes, Your Honor. The action for money judgment, the term action does not exclude arbitration. Nor does it require, for the purpose of this statute, that the action be the same proceeding as the attachment application is being sought. But there was no pending action anywhere yet. Let me address that point. OK, the timing. Two answers, Your Honor. First, Louisiana enacted the International Arbitration Act by adopting verbatim the unsectoral model law. The unsectoral model law has this provision. It presupposes the national statute that authorizes preliminary injunctive relief in aid of arbitration. Now, I'm quoting the text of the unsectoral law, Article 9, which is embodied in the Louisiana 4249. 4209. 4249. Well, anyway, it doesn't matter. It's there. Yes. It says, it is not compatible with the arbitration agreement for the party to request interim relief from the court and for the court to grant prior to or pending arbitration. Yes. OK, and that? Well, because actually, in fact, if you invoke the judicial process, then you've allegedly waived your right to arbitration. Isn't that correct? That is actually less. But just to say, you don't want to instigate judicial proceedings while simultaneously maintaining that you have a right to have the dispute arbitrated. Isn't that right? That is exactly why there is the unsectoral model law, Article  Many countries and many states in the world. But if it's clearly the model law and Louisiana contemplate those pre-suit interim measures, the mechanism to do it is 3502. Correct, 3502 and then 3503. Yes. And my question to you is, did 3502 has several requirements that you have to fulfill when you approach Judge Fallon? He was first, then Judge Berrigan, then Judge Vance. Did you comply with 3502s? Absolutely. You'd submitted an affidavit and been given good cause? Yes? Is that in the record? There is no dispute that we only on either the verified petition or affidavit is required. They all did both. We had seven or eight exhibits. We had two clients, two affidavits from Daewoo, setting forth the required grounds. Indicating that you would file at a later date, the underlying action? Yes. And Judge Fallon approved that? It was approved. I just need record sites for those propositions. Yes. OK. And you can give them to him when you get back up? Yes. OK. It was an ex parte proceeding, Your Honor. It was what? Ex parte proceedings. Ex parte proceedings. But it's in the record we have? Yes. OK. Oh, timing. Let me just answer the second prong of the timing issue. Now, the Fifth Circuit and the Louisiana State Court in granting preliminary injunctive relief in aid of arbitration. Preliminary injunctive relief is another major type of interim relief that is contemplated by the One Century Model Law and International Arbitration Act. Especially the Fifth Circuit noted that because the arbitration has not yet been commenced, the court has every reason to grant this injunctive relief to aid arbitration. Because arbitration is only as meaningful and useful as a successful claimant's ability to recover upon their words. The court's intervention is necessary to make sure that the arbitration is not rendered, I believe many courts use different words, but hollow formality, expensive piece of paper, unenforceable. Where did, with this lucid expert, where did Judge Vance make her mistake? Judge Vance made a mistake in the sense that they didn't know that Louisiana had enacted International Arbitration Act back in 2007. Did the parties point her to 4212 or 4209? The statute itself was mentioned, was supported by Judge Vance in... But when she made her ruling saying there is no incorporation, did you move to reconsider? We considered it, but there were other grounds for Judge Vance's ruling. Especially Judge Vance also ruled that the attachment proceeding should itself seek a money judgment without recognizing the attachment proceeding is an ancillary proceeding. So because there were multiple grounds, even though we had pointed out the mistake, we realized it would be better to pursue an appeal. And then her other basis for the ruling was citing blacks. To say a money judgment contemplates an immediate... Yes, and your thoughts on that? For that, a motion to compel... Okay, so Judge Vance cites a black law dictionary to argue that motion to compel is not an action for a money judgment. Of course it's not an action for money judgment because Judge Vance was looking at the wrong action. There is no dispute and TKM has admitted, quote unquote, most assuredly, there was arbitration is an action for money judgment. So the issue is, well, is it required that you seek the money judgment in the same attachment proceeding? No, there is no Louisiana state court that has interpreted that statute in that manner. In Littleton, the attachment proceeding was in aid of Texas proceeding. It's not in the attachment proceeding itself, of course not. In Beall-Lewis and WPC, those two cases are Louisiana district court cases. The court compelled arbitration, but stated that you can come back to me later to seek a writ of attachment. That also shows that there is another main action, which was arbitration, but the attachment remedy is sought in the court. Now, if I may, if you look at the rationale for the unsecured model law, the interim law provision, it's clear why the court has jurisdiction, the district court ruling was not correct. The rationale for that provision is that, well, we want to promote arbitration, but we recognize that the tribunal doesn't have the authority to issue prejudgment attachment in a given country. It creates a judicial lien. It gives you the right to secure the claim later on, and therefore, because we want to make the arbitral process as effectively as possible, the unsecured model law, which has been adopted by 106 jurisdictions, says court can grant prejudgment attachment or third-party discovery order or preliminary injunctive relief pending or prior to arbitration so that a successful claimant can have a better chance of recovery in the end. Now, so moving on, first, Louisiana law is not discriminating against arbitration. Second, even assuming that interpretation were correct, Arguendo, that interpretation would be preempted under Kindred, most recently. In the last eight seconds, is there a case that asserts that TKM can't assert AMT's defense? I'm sorry? Can TKM assert the defenses of AMT, which the property owner? Is AMT? AMT is the debtor? Right. No, TKM is an interfere. But have you argued, or is there an argument that TKM couldn't assert in the first place their defenses? I do not. Or you're not following? I do not believe so, no. Okay, that's fine. That's good? All right, thank you. Oh, I'm sorry. Yeah. I'm McHale Miller, representing ThyssenKrupp. But perhaps the first time in my life, I don't know where to begin, but I'll try. Tricky knowing when to end. A lot of people were trying to get this pig iron. A lot of people were trying to get it, yes. It's about five creditors and a union over in Brazil. And I think that may go to the question you just asked the appellate's counsel, whether TKM can assert AMT's defenses. I don't think that's really the issue. The issue is whether the attachment is valid. The attachment is actually jurisdictional, personal jurisdictional. The question is whether it's valid. And I get to, TKM is entitled to assert the invalidity of the attachment because it made its own attachment properly in the state court. So TKM did it right. We intervened in the federal court to protect our interests. You intervened in the same measure they did, but with protective language that you didn't think it was a valid intervention? Exactly. If you knew how long I argued with referring counsel about whether we should be in state or federal court, you'd be amazed that I prevailed because I knew there was no admiralty jurisdiction. Let me ask you to, I think that microphone's. There was no maritime jurisdiction. We had to be in state court. And that is indeed why Judge Vance ultimately ruled that we were the first legitimate attaching creditor as to most of the other parties, like STEM Corps, for instance. Now, as to Daewoo, she found, incorrectly, I think, that there was subject matter jurisdiction under the convention for Daewoo's claim and that that in turn gave a right of attachment that was before ours, but then she found that this attachment was improper because it was under 3542, the prerequisite for which, the restriction on which, is that the attachment must be sought in an action for a money judgment. So when you look at her opinion, and this really is where I would start, Judge Vance makes clear that her case turns on several things, not on the absence of uncentral, the Model Act being enacted into Louisiana law, an error on her part, which is amazing because that judge is as diligent as they get, and that statute followed the Louisiana Arbitration Act. I don't know how it happened. That point was not briefed to the district court, by the way. She came up with the reference to the arbitration statutes on her own, and maybe that's... So take that away, and she's got Black's Law Dictionary. Yeah, she's got, well, she's got the plain meaning of Article 3542. What could be clearer? Well, money judgment, you mean? Yeah, action. Well, but action you have a problem with because you aren't disputing that a motion to compel arbitration is an action. It's not. It is an action, but it's not an action for a money judgment. Right, so we're just coming down to the phrase money judgment. Okay. Right? What would they do in the arbitration? What would they be talking about in the arbitration? They'd litigate whether or not there should be judgment in favor of Daewoo against the defendant. When you say judgment, you're talking about money. Money. But, and this is the important point, an arbitration award is not a judgment. It's an award, and it doesn't meet the Black criteria. It is not immediately executable. The prevailing party, the plaintiff, must go to an appropriate court and get an order. But we've recognized that that's a formality, right? It is convertible to money judgment. It's not necessarily a formality. The enforcing judge can say it's not. Well, as a matter of practice, it may not be, but the law has said that. That what? I'm sorry. Okay, would you, if a party's seeking to confirm an arbitral award, is that an action seeking money judgment? I think so. That is, okay. Answered off the top of my head. Never thought about it before, but I think so. All right, but a motion to compel arbitration, they conceded today, isn't itself an action for a money judgment. I think that's what I heard them acknowledge. But my looking at the Louisiana law, not that this area I know well, contemplates a pre-suit attachment, whether it's litigation or arbitration. A party can come in. I disagree with that. Well, what does 3502 allow? It allows attachments. Right, it pre-suit attachments. But then you have to go to what kind of attachment it is. Okay. That's where 3541 comes in. That's the non-resident attachment. And then 3542 comes in to say that no attachment may issue unless it is in connection with an action for a money judgment. We've conceded that the motion to compel, or a suit to compel, is not an action for a money judgment. The judge has found that the plain meaning of the statute is what it is. She's bolstered that opinion by reference to black. Then she bolstered that, even more importantly in my mind, to the fact that attachment pre-judgment is a drastic, extraordinary remedy. That was not recognized at the common law. That was a creature of the- Attachment pre-judgment is extraordinary, hence the very severe protection under 3502. There's no reason those protections wouldn't be equally applicable for an arbitration action as well as a suit. I can't comment on that offhand because I don't know the answer. I haven't formulated the answer, but I do know that when we're talking about this specific type of attachment of the five types that are allowed, as articulated in 3541, non-resident attachment, that 3542 says that particular type of attachment has to be accompanied by, has to be asserted in an action for a money judgment. But then it goes on, the terminal clause says, regardless of the origin of the claim. Why wouldn't, wouldn't that embrace- But why not also arbitration? Because that's not a basis for a cause of action. What was the basis of the district court's jurisdiction then? I think it was absent, frankly. I thought it was an action or proceeding under the convention. It is, and that type of proceeding does get treatment as a federal question and is a basis for subject matter jurisdiction provided that the aggrieved party rule is met and that aggrieved party rule- We're shorthanding the convention. The convention is the recognition, enforcement of foreign arbitral rewards itself. With due respect, excuse me. We have a convention that's been developed to facilitate transnational resolution of disputes. All the work's been done on that. And so that's the actual source of the jurisdiction of the federal court here is under that convention. And what we're now saying is, well, yeah, but you would, the enforcement mechanism, the attachment process here is not viable because you're not, your underlying state does not suit for money damages. In other words, my point is that to adopt the reading that you suggest is really in no small way to step hard on the breadth of the convention and its enforcement processing. Because that convention is made not just, it's not just the United States, but to facilitate commerce throughout, which is to our benefit. And so what we're doing, that's one thing that gives me some pause about your argument. Well, I certainly understand your pause and I paused quite a bit myself sorting this out, but I came clearly to the view that the convention is chapter two of the FAA and the original statute, one through eight, is chapter one. And section 208 of chapter two expressly incorporates the provisions of chapter one unless they're inconsistent. And section four of the original act requires an aggrieved party. And the case law holds, Harkford, the case I cite to you, that the aggrieved party requirement is nothing but a reflection of, and the same rule as the case of controversy requirement of the U.S. Constitution. Now, where I have to become a little sheepish here is in the- I appreciate that, but as my colleague walked you through a little earlier about the pre-suit processes, this whole proceeding bottomed on a contemplation of arbitration enforcement mechanism. And what we're saying is, well, the pre-suit processes are not available because this is not the suit for money damages, it's the suit to compel arbitration. Well, there's nothing in Judge Vance's rule that prevents a party to file a suit to compel arbitration. The only thing about her rule is that you can't get it attached. Well, it takes away the- All it does is deprive them of an opportunity to attach the process to gain the attachment here. It defeats their claim. Not necessarily. I mean, it may in this particular instance, but that doesn't make the 3542 requirement void of an issue, or even in the application. Do you agree, and they were going to get back up and explain the citations, but do you agree that they complied with 3502? Yes. They did. They went to Judge Fallon, and he issued the attachment. And I guess I just want to ask you what, in your opinion, they should have done. Should they have ignored their agreement to arbitrate disputes and just gone forward with filing a lawsuit? No. For money damages? They could arbitrate. When? They just couldn't get a pre-judgment attachment. They did arbitrate. But you know, back, if I may, to the subject matter jurisdiction, unless you had a follow-up, the aggrieved party requirement, to my chagrin in looking at this and getting ready, I found four cases that are just blasters. And I guess, I guess I do have a follow-up. I'm just a little slow on the uptake, so. So what you're telling me is they could file litigation pursuing money damages. They could. For purposes of obtaining the pre-suit attachment. True. But then they could later arbitrate their claim, despite the fact that they had sought. No, they would waive arbitration by filing in the federal court. But they waived arbitration. So they can't have arbitration and a pre-suit attachment. There's no way to have both of them. In Louisiana, you can't, because of the restriction on 3542. And remember, that is a procedural statute that's divorced from arbitration. That just stands out there. When the state of Louisiana decided whether they wanted to confer the drastic remedy, they limited it. But there's no case that's been interpreted that way. You say it's never come up. But what about the district court cases she points to? They don't address this. But there is no case that's interpreted in that illogical way. No, and it seems to me, given the plain meaning of the statute, that is the appellant's problem. In fact, so thought Judge Vance, because she says it is telling that Daewoo can cite no case supporting its attempt to circumvent or change or rewrite the very language of 3542. I suggest that that absence of a case is in appellee's favor. The plain meaning of that attachment statute is there. I have four cases that deal on aggrieved party status. I've got a letter to send them to you. Should I take the time and read them to you now or just give you the cases? Yeah, don't read it. Don't read it. This is an argument you made that she, Judge Vance, didn't accept. You didn't cross-appeal it? Oh, no, she did. Oh, oh, beg your pardon, yes. I made it and she did not accept it because she... But then you haven't cross-appealed that and yet you're saying it goes to the jurisdiction she had? That's correct. And that's what your case is? It's subject matter jurisdiction, yes. It's case of controversy. And that's with those cases, all right. They do, yes, yes, Your Honor. Now, let me be a little... Yeah, yeah. You got to read them carefully. What they're saying is the standard under section four, aggrieved party, you have to have been told no, versus case of controversy, because it is a suit to compel arbitration, is the same standard. So it is a constitutional issue and that court's even safe. So we resolve a constitutional issue, the declaratory judgment issue in that case. And what's your, and I'm just looking at it, but your response to our decision in EAST? It deals with maritime attachments, which are allowed. I thought that was dealing with the convention, subject matter jurisdiction for the convention. I don't think so. Okay. Memory is not what it used to be, but I'm positive that's a maritime section eight attachment. So I think when you look carefully, you don't even have to look carefully at all the cases, appellant sites, they may make a rumination like B-I-L-Y-I-E-U. It's really a motion to stay another suit. I beg your pardon, to stay pending arbitration. And the court does stay, grants the motion, and just says as an aside, yeah, you know, we stay these cases, but the plaintiff could always come back and seek a provisional remedy, and then he names a few and says prejudgment attachment. Well, you learn, I did anyway, my first day in law school, that you've got to address the issue for a case to be res judicata. And it even has to be on the point of the controversy to be dictum. That statement is an aside. It is a non-event legally. And all the cases cited by the appellant are asides. It's like a Shakespearean play, whispering in the wings. It has nothing to do with what we've got going here. The argument is made by the appellant about favoring arbitration and how the 3542, as interpreted by Judge Vance, tends to disfavor arbitration. And then with a supplementary letter, the appellant referred us to the Kindred case, which in turn is more or less an offshoot of the Concepcion case. I didn't write a very good letter to you all explaining all of that. I just didn't have time. There are many things going on. I prepared about a two-page outline of why that is wrong. I can either send that to you or I can tell it to you right now. But in essence, this is what I have to say. Kindred and Concepcion are both cases dealing with section two of chapter one of the FAA. And section two is the heart of that statute and the heart of all of this, because it says, it's called the equal footing provision. It says that an arbitration should be, so maybe we'd better read it instead of trusting this. It says... That a written provision in any, I'm gonna skip a little bit, contract, blah, blah, blah, shall be valid, irrevocable, and enforceable upon the same grounds as existed law equity for the revocation of any contract. So basically it's just saying, we're gonna treat arbitration agreements the way we treat any contractual agreement in terms of determining whether they're enforceable, whether this fraud and the fact and duress, unconscionability, scope. Sometimes an arbitration agreement doesn't encompass this particular dispute. It may encompass four or five other disputes the parties may or could have had, but not that one. So a careful reading, a discerning reading, a pretty easy reading, frankly, of Kindred and Concepcion will show your honors that the issue there, the whole equal footing doctrine, the whole preemption principle as applied in this context is relegated, I shouldn't use the word, is devoted to the idea of section two and the concept of arbitrability. Is the agreement enforceable or not? Should it be revoked or not? And in those kind of cases, you have to treat an arbitration agreement the same as any other agreement. And remembering Kindred, the Kentucky court said that the children of the family, the parents committed to the nursing home did not have proper power of attorney to sign a contract with, I misspoke. The argument was, the Kentucky court held that the children didn't have power of attorney because even though the power of attorney was broad, the court found that to agree to arbitration, it must be specific. The court found that was an arbitrability issue and it was attacking arbitration. But in our case, 3541 and 42 had nothing to do with arbitrability whatsoever. You know, I bumped into something else in my notes here. The Tropicana case. Judge Vance, in response to your question, I like her so much, I hate to use the word, circumvented the- Let me get you to stand back. Oh, I'm sorry, I'm a wanderer. Judge Vance, I think, circumvented the aggrieved property, aggrieved party issue by simply saying, well, wait, even though this is a suit to compel, the gravamen is to obtain an attachment, so we don't even get to that. Well, I respectfully disagree, you can't do that. And in particular, if your honors will look at the Tropicana case, which you cited it, I think, page eight of Appellant's reply brief, the Tropicana case just makes it perfectly clear that a prejudgment attachment is not an independent action. It is not an independent action, it is ancillary. There is one case that they cite, either Delaverne or Laverne, it's both parties, somebody left the de out in one of the opinions, they're a couple of years apart, divorce case. And the prejudgment attachment there was for alimony pendente lite. And the court makes a little, somewhere in their remark that Appellant jumps on, it's a little bit of a loose lips sink ships argument by the court or a statement by the court, but the bottom line is, what is an alimony pendente lite but a money judgment? So once again, we have a prejudgment attachment with a money judgment. Going back to Kindred, I guess I should point out to bolster the argument that Concepcion leaves no doubt as to the intent of Congress that is the focus of the equal footing preemptive rule when it says, quote, the principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms, continuing on to say, this purpose is readily apparent from the text, section two. Thank you, counsel. Your time has expired. Rebuttal. My court counsel is obsessed with the record sites. We have the record sites ready after my rebuttal, please. Pardon me? After my rebuttal. Whatever sequence you want to do. Very briefly, your honor, Kindred rule is cast much broader terms. Any rule relying on the uniqueness of the arbitration agreement is preempted, period. Now, this case of the district court's ruling does adversely affect the validity and the enforceability of arbitration agreement, absolutely. This court in Jandy case said the enforceability of arbitration agreement is frustrated if this court doesn't grant injunctive relief in aid of arbitration. The validity of arbitration agreement is also affected because district court interprets the statute in a way to disallow a remedy that the parties' arbitration agreement contemplated by adopting the AAA rules. Most arbitration rules do allow court intervention by, in the form of issuing provisional, I mean, attachment and preliminary injunctive relief in aid of arbitration. Monetary award being judgment. Section 13 of Federal Arbitration Act states that confirmed monetary award, which is the case in our, in Dale's case, should be treated in the same manner as money judgment, just as, just like was obtained in court action. Just so I understand, the argument you're making is if he's right about 3542, it would be preempted. Correct, yes. But you're now saying he's not right because the phrase money judgment doesn't exclude an action that ultimately would end up in a monetary award? Is that what you're going to go on to say, that we don't need to read the preemption, reach the preemption issue, because Louisiana law. Exactly right. Okay, go ahead. That's absolutely not what the Louisiana law provides for. But even assuming that. Okay, so now tell us again why Louisiana law, 3542, is he right that 3542 has to exist before you would take recourse in 3502 mechanisms? No, no. In other words, 3502, those pre-suit or pre-arbitration mechanisms. Oh, 35449, okay, all right. Okay, maybe it's back to the record site question. You... There is no... Go ahead. I'm sorry. No, no, go ahead. You help me here. No, I didn't understand. No, I'm not understanding myself. Go ahead with your argument. There is no dispute, as my counterpart just conceded, that Dale's attachment was obtained in a proper form, affidavit and petition. The only issue is whether the requirement for action, requirement action for money judgment is satisfied. Now, the term action for money judgment is not a separate requirement under Louisiana Attachment Statute. If you look at the commentary, what he says is that we have the requirement for... It's not freestanding, but it can append to the other item. Exactly. The requirement is supported in the first statute, the 3501. You have to set forth the grounds upon which you seek attachment relief clearly by way of a petition or affidavit. Okay? You have to state the amount of indebtedness, because ultimately, in order to measure the value of the property against the judgment, you need calculable, quantifiable money judgment. And that's what 3542 merely says. The intention, the purpose of 43542 is actually to broaden the scope of the attachment relief. It says, well, we want to make sure that a court doesn't limit attachment relief just to contract actions or litigation. If we look at the predecessor statute, version 23542, they use the term plaintiff and suit. The legislature purposefully replaced those terms with action to broaden, and then added, despite the origin of the claim, in nature, the encompassing language. So, to say that there was arbitration for money judgment, concededly, is not within the scope of the action for money judgment in Louisiana is simply outrageous, Your Honor. I believe that my time is up. All right. Thank you so much. Record sites, should I call out? Just the record sites. I would love the record sites, if that's all right. Yes, go ahead. The amended complaint, ROA 16-30984.4945. Kim affidavit, ROA 16-30984.4465-4473. Judge Fallon's granting the writ, ROA 16-30984.4658-59. Because the very first attachment was maritime attachment, there were more affidavits and more exhibits, and there was a verified petition, but that suit was consolidated into this proceeding. And then Judge Fallon entered an order for finding good cause to allow you not to file your immediately pursuant 3502. Apologize again. Just one more. I'll look at those record sites. That's fine. Thank you. Thank you very much. I'm gonna ask you to come forward to the mic. I will allow you to do it. One case. I urge you to look at that Tropicana case, which explains precisely why 3542 was amended, and it was just to make sure that liquidated and unliquidated debts and the like, you read it, you'll see it, but it tells you why it was amended. It wasn't amended to get rid of the money judgment requirement. Thank you. Thank you, counsel. That concludes our oral argument calendar for today.